United States District Court
Southern District of Texas
**ENTERED**
October 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LORENA CARDENAS-LAMAS, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-231 |
| | § | (Criminal No. 1:14-cr-184-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Lorena Cardenas-Lamas's pro se "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794)" (hereinafter, Cardenas-Lamas's "Motion"). Dkt. No. 1. To the extent that Cardenas-Lamas seeks relief under 28 U.S.C. § 2255, it is recommended that her Motion be dismissed. To the extent that Cardenas-Lamas seeks relief pursuant to 18 U.S.C. § 3582(c)(2), it is recommended that her Motion be denied. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Background and Procedural History

On June 24, 2014, Cardenas-Lamas pleaded guilty to possession with intent to distribute a quantity exceeding fifty grams, that is, approximately 1.74 kilograms of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *See United States of America v. Lorena Cardenas-Lamas*, No. 1:14-cr-

184-1, Dkt. No. 37 at 1.[1] On October 8, 2014, Senior United States District Judge Hilda Tagle sentenced Cardenas-Lamas to 65 months of imprisonment, and five years of supervised release with special conditions. *Id.* at 1-4. Judgment was entered on October 27, 2014. *Id.* at 1. Cardenas-Lamas did not file a direct appeal.

Instead, on August 25, 2016, Cardenas-Lamas filed her instant Motion. Dkt. No. 1 at 5.[2] In her Motion, Cardenas-Lamas contends that she is entitled to receive the benefit of Amendment 794 to the United States Sentencing Guidelines (hereinafter, "U.S.S.G"). *Id.* at 4. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, which provides for mitigating role adjustments for the "substantially less culpable than average participant." U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining whether a defendant played a minor or minimal role in the subject criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted).

---

[1] Hereinafter, Cardenas-Lamas's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] In general, and subject to certain exceptions, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See generally* FED. R. APP. P. 4(c)(1); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). Cardenas-Lamas indicates that she placed her Motion in the prison mailing system on August 25, 2016. Dkt. No. 1 at 5. Accordingly, the Court will consider her Motion filed on that date.

Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." . . . Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id*. at 329–30 (citations omitted, formatting altered)

Amendment 794 became effective on November 1, 2015,[3] approximately four days after Cardenas-Lamas's Final Judgment was entered. *See* Dkt. No. 35 at 1. Cardenas-Lamas argues that the Court should apply Amendment 794 retroactively to allow her to receive a reduction in her sentence because she was only a minor participant in the crime charged. Dkt. No. 1 at 1-5. In support of her argument, Cardenas-Lamas relies upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Dkt. No. 1 at 1-2. In *Quintero-Leyva*, the Court of Appeals for the Ninth Circuit determined that Amendment 794 applies retroactively on direct appeal. *Quintero-Leyva*, 823 F.3d 519, 522.[4] Cardenas-Lamas contends that a retroactive application of Amendment 794 would be in the interests of justice here because the

---

[3] *Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015)").

[4] In *Gomez-Valle*, the Fifth Circuit did not reach the issue of whether Amendment 794 may be applied retroactively. *Gomez-Valle*, 828 F.3d 324, 330 (noting that the issue is a "matter of first impression in this circuit," but finding that Gomez-Valle's particular case did not require resolution of the issue).

Court did not find that she played an organizing/leadership role in her crime.  Dkt. No. 1 at 4.

## II.  Discussion

Cardenas-Lamas has styled her Motion as one brought pursuant to 28 U.S.C. § 2255.  Dkt. No. 1 at 1.  However, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted).  The Supreme Court has also determined "that post-sentencing changes in policy do not support a collateral attack on the original sentence under § 2255."  *United States v. Perez*, No. 08CR00429-06 (DLC), 2016 WL 4775536, at *1 (S.D.N.Y. Sept. 14, 2016) (citing *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979)).  Thus, to the extent Cardenas-Lamas is seeking relief pursuant to § 2255, her motion is subject to dismissal because she has

failed to state a cognizable claim.

Nevertheless, federal courts have a duty to construe pro se prisoner pleadings liberally to honor the substance of the pleading, over the form of the pleading, or the label bestowed upon the pleading by the prisoner. *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011); *see also United States v. Porter*, 335 Fed.Appx. 408, 410 (5th Cir. 2009) (per curiam) (unpublished) ("As a general rule, 'review of the merits of a federal prisoner's claim is not circumscribed by the label attached' to the claim; accordingly, the 'essence' of the claim, rather than its title, controls. *United States v. Santora*, 711 F.2d 41, 42 n. 1 (5th Cir. 1983)"); *Gibson v. Stephens*, No. 12-CV-3270-P, 2013 WL 5450578, at *2 (N.D. Tex. Sept. 30, 2013) ("[T]he label used by the pro se litigant does not determine the nature and effect of the filing.") (citations omitted).

In the Fifth Circuit, "courts have found that a § 2255 motion to vacate is not the proper procedural vehicle for seeking the reduction of a sentence based on a retroactive Guideline amendment and that such relief should instead be sought via a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Kimbrough v. United States*, No. C.A. 06-116-S, 2010 WL 1727920, at *3 (D.R.I. Apr. 27, 2010) (citing *United States v. Porter*, 335 Fed. Appx. 408, 409; *United States v. Newman*, C.A. No. 4:07–cv4581, 2009 WL 2413282 at *9 (S.D. Tex. July 29, 2009)).  For example, in *United States v. Porter*, the Fifth Circuit found that the district court had properly construed a prisoner's § 2255 motion as a motion brought pursuant to § 3582(c)(2) because the prisoner "claimed that his sentence should be reduced

based on amendments to the Sentencing Guidelines[.]" 335 Fed. Appx. 408, 409 ("Under § 3582(c), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)."). *See also United States v. Perez*, 2016 WL 4775536, at *2 (construing a prisoner's § 2255 motion seeking the retroactive application of Amendment 794 as a §3582(c)(2) motion); *Wood v. United States*, No. 1:16-CV-00256-MR, 2016 WL 4445766, at *1, n. 1 (W.D.N.C. Aug. 22, 2016) (dismissing a prisoner's § 2255 motion without prejudice to the filing of a motion under § 3582(c)(2) because "a Section 2255 petition is not the proper vehicle for a defendant to seek sentencing relief based on a retroactive amendment to the sentencing guidelines.").

Because Cardenas-Lamas's Motion asks the Court to apply Amendment 794 retroactively to allow her to obtain a reduction in her sentence, it is recommended that the Court construe her Motion as a motion seeking relief pursuant to 18 U.S.C. § 3582(c)(2). *See Porter*, 335 Fed. Appx. 408, 409; *Perez*, 2016 WL 4775536, at *2 (noting that the Commission "has opined that '[t]he proper vehicle for seeking a sentence reduction pursuant to an amendment to the guidelines given retroactive application by the Commission is a motion to reduce sentence pursuant to 18 U.S.C. § 3582.' U.S.S.G. Commission, Office of General Counsel, Retroactivity: Procedural Issues 15 (Aug. 2014).") (errors in original).

Still, construing Cardenas-Lamas's Motion as one brought under § 3582(c)(2) does not entitle her to relief. In *Porter*, the Fifth Circuit explained that a prisoner

may not obtain relief under § 3582(c)(2) if they are seeking the retroactive application of a U.S.S.G. amendment that is not listed as retroactive in U.S.S.G. § 1B1.10. *Porter*, 335 Fed.Appx. 408, 410.

> Section 3582(c)(2) applies only to retroactive Guidelines amendments, as set forth in Guideline § 1B1.10(a) (the Guidelines policy statement regarding reduction in term of imprisonment for amended Guideline ranges). *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated that, unless an amendment is listed in Guideline § 1B1.10(c), a reduction based on that amendment under § 3582(c) is not consistent with Guideline § 1B1.10's policy statement. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (May 2008). Amendment 709 is not listed in § 1B1.10(c) as an amendment covered by the policy statement. *See* U.S.S.G. § 1B1.10(c) (May 2008).
>
> Insofar as Porter contends Amendment 709 is a clarifying amendment that should be applied retroactively, even though it is not listed in Guideline § 1B1.10(c), this court has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)

*Id*.

The *Porter* Court's citation to "U.S.S.G. § 1B1.10(c) (May 2008)[,]" reveals that it was citing to the 2008 version of § 1B1.10(c). In 2008, § 1B1.10(c) provided, in its entirety, as follows:

> (c) <u>Covered Amendments</u>.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10(c) (2008); *see also United States v. McNair*, No. 3:06-CR-80-WHB, 2008 WL 2566825, at *1 (S.D. Miss. June 25, 2008).

Prior to the time Cardenas-Lamas's sentence was calculated and imposed in

2014,[5] subsection (c) of 1B1.10 became subsection (d). *Compare* U.S.S.G. § 1B1.10 (2008), *with* U.S.S.G. § 1B1.10 (2014).[6] In 2014, subsection (d) provided, in its entirety, as follows:

> Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

U.S.S.G. § 1B1.10(d) (2014). Subsection (d) has not changed since 2014. *See* U.S.S.G. § 1B1.10(d) (2015). Subsection (d) does not list Amendment 794. Accordingly, because Amendment 794 is not listed in § 1B1.10(d), this Court may not apply the Amendment retroactively to provide Cardenas-Lamas with § 3582(c)(2) relief. *See United States v. Drath,* 89 F.3d 216, 218 (holding that § 3582(c)(2) only applies to an amendment if it is "specifically listed" as retroactive in the covered amendments section of § 1B1.10) (citations omitted); *Porter*, 335 Fed. Appx. 408, 410 (same). Construed as an application for § 3582(c)(2) relief, then, Cardenas-Lamas's Motion must be denied.

### III. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[5] *See* CR Dkt. No. 31 at ¶ 21 (containing Cardenas-Lamas's presentence investigation report, applying the "2014 edition" of the U.S.S.G.); CR Dkt. No. 35 (Judgment); CR Dkt. No. 38 (Statement of Reasons adopting Cardenas-Lamas's presentence investigation report without change).

[6] Also, in 2008, § 1B1.10 did not have a subsection (d). *See* U.S.S.G. § 1B1.10 (2008).

§ 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Cardenas-Lamas has not made a substantial showing of the denial of a constitutional right.

## IV. Recommendation

To the extent that Cardenas-Lamas seeks relief under 28 U.S.C. § 2255, it is recommended that her Motion be dismissed for the reasons provided above. To the extent that Cardenas-Lamas seeks relief pursuant to 18 U.S.C. §3582(c)(2), it is

recommended that her Motion be denied for the reasons provided above. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 4th day of October, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**